LANCASTER COUNTY.

JULY TERM, 1882, No. 60.                    CTOBER 1, 1883.

# Burt *v.* Kennedy.

1. If the vendor at a public sale of chattels deliver an article to the purchaser, or suffer the purchaser to take possession of it voluntarily, and without requiring a compliance with the conditions of the sale, such delivery alone would pass a good title to the purchaser, and would necessarily constitute in itself a waiver of the conditions.

2. Where, therefore, the Court charged the jury that the purchaser, in order to make out a title to the chattel, must prove an agreement between the vendor and himself to waive the giving of a note for the purchase money, in accordance with the conditions of the sale, in addition to the delivery, it was held to be error.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. CLARK, J., absent.

Error to Court of Common Pleas of *Lancaster County.*

*Replevin* by Winfield S. Kennedy against Nathaniel Burt to recover possession of a reaper.

Upon the trial in the Court below before PATTERSON, J., the following facts appeared:

Nathaniel Burt, being the owner of a plantation in Salisbury township, Lancaster county, leased the same to Evan Bustler, who continued to be his tenant from April 1, 1877, to April 1, 1880. Evan Bustler, having been notified in January, 1880, to quit the premises, determined to make a sale of the bulk of his personal property. There was an unsettled account between Bustler and Burt.

On February 20, 1880, Burt, having heard of Bustler's intention to make sale, visited his tenant to have an interview with reference to their accounts. Burt testified that they made a definite and absolute agreement that he should be present at the sale for the purpose of bidding, and whatever purchases he made were to go into the general account, to be settled on or about the 1st of April. Bustler, on the contrary, testified that there was no such understanding or agreement.

Burt attended the public sale, which took place on March 11, 1880, and in competition with W. S. Kennedy, the plaintiff, who bid $99 50, bought the said reaper for $100. The conditions of the sale, which were read by the

clerk, were, *inter alia*, that any person buying an article or articles to the amount of $10 and upwards should be entitled to ten months' credit by giving a note with approved security for the amount before the goods were removed ; and that any person not complying with the conditions would be held accountable for all loss or losses for a second sale of said goods.   Burt testified that after the sale he took possession of the reaper, detached the knives then on the machine, and put them, together with the loose knives, in his own private carriage-house, Bustler standing by, and not only assenting but assisting. The reaper, being heavy and difficult to handle, was left where it had been in the barn.   Bustler, on the other hand, denied having given possession to Burt, or having assisted in any way, stating that he was not present at the time. About a week afterwards, during Burt's absence in Philadelphia, Bustler removed the reaper to Mr. Oberholtzer's barn, and told W. S. Kennedy, the plaintiff, that Burt had not complied with the conditions of the sale.   Kennedy then offered him $80 for it, which he accepted, taking Kennedy's note at ten months.

Before Kennedy had time to remove the reaper, Burt returned from Philadelphia, and upon inquiry was informed that it had been removed to Oberholtzer's barn. Burt then directed his men to remove the same, against the objection of Oberholtzer, who had been notified that it belonged to Kennedy.   Kennedy thereupon sued out a writ of replevin.   Burt gave bond, and retained the property.

The Court charged the jury as follows : "This action is brought in replevin.   It is brought by W. S. Kennedy against Nathaniel Burt for a certain reaper.   This action is used, and this replevin is issued in Pennsylvania, wherever one claims goods in the possession of another. In this action, therefore, the ownership or title to the property is the question—the title to the property is the issue.   Is the title to this reaper in the plaintiff, Mr. Kennedy, or is it in the defendant, Mr. Burt?

The defendant in this suit puts in the plea of '*non cepit*' and 'property.'   The plea of '*non cepit*' means that he, the defendant, did not take the property, and the plea of 'property' means that the property, or title, is in him—the defendant—that it is his property.

Those pleas of '*non cepit*' and 'property' impose upon the plaintiff, Mr. Kennedy, the burden of proving that the defendant took the property, and that the reaper in question was his property.

[Burt *v.* Kennedy.]

This action, you will have seen, lies to regain possession of the reaper or property which has been taken.

As we have stated, the burden lies on the plaintiff, under the pleas of the defendant to prove, to your satisfaction, that the title of this property is in him.

There can be no doubt, I presume, in your minds that Mr. Bustler sold this reaper to Mr. Kennedy, and that he was paid for it in accordance with that contract of sale; but that is for you to determine, for all the testimony is for you.

Nor is it disputed but that Mr. Burt bid for this reaper at the public sale on the 11th of March, 1880, and that it was knocked off to him at the price bid. The conditions of that sale, as is admitted by both parties, were in part that a note, with security, was to be given by the bidders for the goods purchased if the amount exceeded ten dollars.

[Now, it is not contended that a note was given by Mr. Burt for this purchase. If that is the fact, if no note was given, then it devolves on the defendant to prove, by evidence to your satisfaction, that the seller, Mr. Bustler, waived that condition, and that he delivered to Mr. Burt the possession of the reaper without the giving of a note.]

Now, as regards the delivery of a chattel, it is actual, such as a clear and unequivocal act of giving possession, accompanied by placing the article sold and to be transferred in the hands of the buyer, or his admitted agent, or in their respective houses, barns, or carts, and the like; or delivery is constructive or symbolical, as by delivering of the key to a room containing the article or goods sold; that is a good delivery. Hence, the rules requiring actual delivery are subject to modification in the case of large or bulky articles. The article in question, this reaper, being large and bulky, could be delivered by construction, or by a delivery of a part for the whole.

[If there was no such agreement between Mr. Bustler and Mr. Burt to waive the giving of a note, followed by the delivery of the reaper in one of the modes mentioned, then even if Mr. Burt did get or take possession of the reaper, he obtained no title to the same,] and the seller, Mr. Bustler, could have reclaimed the reaper and taken it wherever he found it; and if the taking was resisted, he could bring an action of replevin for it, and the law would give him the possession of the goods until the buyer had fully complied with the conditions of the public sale.

But it is clear that the seller may, by his contract,

[Burt v. Kennedy.]

waive or renounce the benefit of the conditions stipulated, and trust to the good faith of the vendee, the buyer, for the future performance on his part, and he may also deliver the reaper to Mr. Burt or his hired man, his agent.

Now, was there such a renunciation of those conditions as to the giving the note? That is a question of fact which you must determine from all the evidence.

If you find and determine there was—if you also find that the reaper was delivered to the buyer, Mr. Burt, by either of the modes mentioned, then the title to the reaper vested in Mr. Burt, and Mr. Bustler could not take it again without becoming a trespasser; could not take it and sell it to Mr. Kennedy and give him a good title for it.

If you find, from all the evidence, that Mr. Bustler did so waive the note, and gave possession of this reaper to Mr. Burt, then your verdict should be for the defendant, Burt.

[But if you do not find such a waiver on the part of Mr. Bustler as to the giving of a note, followed by delivery; if you believe, in other words, the testimony of the plaintiff in this case, then no title to this reaper vested in Mr. Burt, and Mr. Bustler had a right to take it and sell it again to Mr. Kennedy, and your verdict should be for the plaintiff, Mr. Kennedy.]

In this case, when the plaintiff executed this writ, the defendant, Mr. Burt, did not give up the property, but gave, as the law permits, to the sheriff a bond, to abide the issue of this replevin suit.

So that if you find for the defendant, you will just say we find for the defendant. If, on the other hand, you find for the plaintiff, your verdict must be in damages— the measure of damages in that case is the value of the property retained—and you should allow damages that will fully compensate the plaintiff for the property taken."

February 15, 1882, verdict for plaintiff for $117 40, upon which judgment was afterwards entered.

Defendant then took out a writ of error, assigning as error, *inter alia*, those portions of the charge inclosed between brackets.

*S. H. Reynolds* and *D. McMullen* for plaintiff in error.

Though the terms of a sale be cash, a subsequent delivery without payment passes the property to the vendee, not only as against all the rest of mankind, but against

[Burt *v.* Kennedy.]

the vendor himself: Bowen *v.* Burk, 1 Harris, 146; Welsh *v.* Bell, 8 Casey, 12.

*G. C. Kennedy* for defendant in error.

The giving of a note was a condition precedent to the vesting of the title in the absence of a waiver on the part of the vendor: Delar *v.* Brown, 3 Harris, 215; Rose *v.* Story, 1 Barr, 191; Welsh *v.* Bell, 8 Casey, 13; Lehigh Co. *v.* Field, 8 W. & S., 232; Rowe *v.* Sharp, 1 P. F. Sm., 26; Refining Co. *v.* Miller, 7 Phila., 97; Creps *v.* Dunham, 19 P. F. Sm., 456; Bowen *v.* Burk, 1 Harris, 146.

OCTOBER 1, 1883.—The opinion of the Court was delivered by GREEN, J.:

The learned Judge of the Court below charged the jury that the defendant, in order to make out title to the reaper in question, must prove an agreement between Bustler and himself to waive the giving of a note for the purchase money in accordance with the conditions of sale, and also a delivery of the reaper by Bustler to the defendant. He held that there must be both an agreement to waive, and, in addition, a delivery, to make title in the defendant. As we read the charge, it amounts to a direction that an actual or express agreement to waive must be proved in addition to, and in dependent of, a delivery. In this there was error. If the seller of the reaper chose to deliver it to the purchaser, or suffer the purchaser to take possession of it, voluntarily and without requiring a compliance with the conditions of sale, such delivery alone would certainly pass a good title to the reaper. It would necessarily constitute in itself a waiver of the conditions. In Bowan *v.* Burk, 1 Harr., 146, we held that, though the terms of a sale be cash, a subsequent delivery, without payment, passes the property to the vendee, not only as against all the rest of mankind, but against the vendor himself. In Welsh *v.* Bell, 8 Cas., on p. 17, STORY, J., said: "It is a condition precedent of a sale for cash in order to pass the property to a vendee, that payment should be made; clearly so, unless there has been delivery. Until that is done, the sale is not consummated. The buyer cannot sue for the goods nor the seller for the price. Yet, even if the contract be for a cash sale, if the thing agreed to be sold be delivered without payment, the property passes to the vendee and is liable to levy and sale as his. The right of the vendor is converted into a mere chose in action." There was evidence that Burt took possession of

[Copenheffer's Appeal.]

the reaper in the presence of Bustler and without any demand for a note being made. If this was believed by the jury, they might have found from it that there was a delivery without requiring a note to be given, and if that were so, the title would pass although there was no actual agreement to waive the giving of a note. Evidence was admitted of a previous conversation between Bustler and Burt, to the effect that Burt might purchase articles at the vendue and settle for the purchase money in the general account between the parties, which was to be adjusted after the sale. It is true this was denied by Bustler, but the defendant lost any possible advantage he might have derived from the testimony on this subject, if believed by the jury, by the positive direction that there must be an agreement in express terms waiving the giving of a note as a condition of the sale. The defendant did not testify to an agreement which in terms waived the giving of a note, but the arrangement to which he did testify was quite as inconsistent with the stipulations for giving a note as an express waiver would have been. Under the charge, however, the jury had no opportunity to consider the case in this aspect. The assignments of error are all sustained.

Judgment reversed and *venire de novo* awarded.